January 18, 2019

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      RE: *State of New York, et al. v. U.S. Dep't of the Interior, et al.*, 18-CV-8084 (VEC)

Dear Judge Caproni,

      I represent the State of New York in this action and submit this letter on behalf of New York and the other state plaintiffs pursuant to Rule 2(A) of this Court's Individual Practices in Civil Cases. In their opening brief in support of their motion to dismiss, the federal defendants argued that, "[b]ecause the potential harms that form the basis of Plaintiffs' complaints are predicated on the independent actions of third parties, Plaintiffs cannot satisfy the traceability requirement and consequently lack standing to proceed." (Dkt. #45, at 21.) The States responded to that argument in their opposition brief. (Dkt. # 54, at 11-13.)

      On January 15, 2019, after the States filed their opposition brief, a court in this district issued a decision that provides further support for the States' position that the standing inquiry's traceability element is satisfied here even if the causal chain involves the actions of third parties. Namely, in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, No. 18-CV-2921 (JMF), 2019 WL 190285 (S.D.N.Y. Jan. 15, 2019), the court held that injuries alleged by the plaintiff states were fairly traceable to defendants' decision to include a citizenship question in the census, even if those injuries turned in part on whether third parties chose not to respond to the census because of the presence of the citizenship question. *Id.* at *86-87. In support of that finding, the court explained:

> [A]s Justice Alito's opinion in *Davis* makes clear, *see* 554 U.S. at 734-35, 128 S. Ct. 2759, where record evidence, statistical analysis, or just plain common sense support a finding, as they do here, that third parties will respond to the challenged government conduct in a predictable way, "traceability" is *not* defeated. In the words of then-Judge Scalia, "[i]t is impossible to maintain, of course, that there is no standing to sue regarding action of a defendant which harms the plaintiff only through the reaction of third persons." *Block*, 793 F.2d at 1309.

*Id.* at *86 (emphasis in original). The decision is attached.

Respectfully submitted,

By: /s/ Matthew Eisenson
Matthew Eisenson (ME1987)
Special Assistant Attorney General
Office of the Attorney General of the
State of New York
28 Liberty St
New York, NY 10005
(212) 416-8446
matthew.eisenson@ag.ny.gov