GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:  ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                    :
STATE OF NEW YORK, *et al.*,                                        :
                                                                    :
                              Plaintiffs,                           :          18 Civ. 8084 (VEC)
                                                                    :
            -against-                                               :          **ANSWER**
                                                                    :
U.S. DEPARTMENT OF THE INTERIOR, *et al.*,                          :
                                                                    :
                              Defendants.                           :
                                                                    :
------------------------------------------------------------------------x

        Defendants United States Department of the Interior ("DOI"), United States Fish and

Wildlife Service ("FWS"), and Daniel Jorjani, in his official capacity as Principal Deputy

Solicitor exercising the authority of the Solicitor of the Interior ("Defendants"), by their attorney,

Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby

answer the complaint of plaintiffs State of New York, State of California, State of Illinois, State

of Maryland, Commonwealth of Massachusetts, State of New Jersey, State of New Mexico, and

State of Oregon ("Plaintiffs"), dated September 5, 2018, as follows:

        1.      The allegations contained in the first sentence of paragraph 1 of the complaint

constitute Plaintiffs' characterization of this action, to which no response is required.

Defendants deny the allegations contained in the second sentence of paragraph 1 of the

complaint.

2.      The allegations contained in the first sentence of paragraph 2 of the complaint
consist of Plaintiffs' characterization of the Migratory Bird Treaty Act, 16 U.S.C. § 703
("MBTA").  Defendants admit that the quoted phrases are contained within the MBTA, and
respectfully refer the Court to the statute for a complete and accurate description of its contents.
Defendants admit the allegations contained in the second sentence of paragraph 2 of the
complaint.  The allegations contained in the third sentence of paragraph 2 of the complaint
consist of Plaintiffs' characterization of the MBTA, to which no response is required.

3.      Defendants admit the allegations contained in the first sentence of paragraph 3 of
the complaint.  Defendants deny the allegations contained in the second sentence of paragraph 3
of the complaint, except aver that prior to the issuance of the legal opinion that is the focus of
this lawsuit, Opinion M-37050 (*The Migratory Bird Treaty Act Does Not Prohibit Incidental
Take*) ("Opinion M-37050"), the DOI and the FWS, as well as the Department of Justice
("DOJ"), interpreted the MBTA to prohibit the "incidental" taking or killing of migratory birds.

4.      Defendants deny the allegations contained in the first sentence of paragraph 4 of
the complaint.  Defendants deny knowledge or information sufficient to form a belief as to the
truth of the allegations contained in the second sentence of paragraph 4 of the complaint.
Defendants deny the allegations contained in the third sentence of paragraph 4 of the complaint,
except aver that the DOJ has, in the past, prosecuted certain entities that engaged in activities that
resulted in the incidental taking or killing of migratory birds.

5.      Defendants deny the allegations contained in the first sentence of paragraph 5 of
the complaint, except admit that Opinion M-37041 was issued on January 10, 2017.  The
remainder of the allegations contained in paragraph 5 of the complaint consist of Plaintiffs'
characterization of Opinion M-37041.  Defendants admit that the quoted phrases are contained

within Opinion M-37041, and respectfully refer the Court to that document for a complete and accurate description of its contents.

6.     The allegations contained in paragraph 6 of the complaint consist of Plaintiffs' characterization of Opinion M-37050.  Defendants admit that the quoted phrase is contained within Opinion M-37050, and respectfully refer the Court to Opinion M-37050 for a complete and accurate description of its contents.

7.     Defendants deny the allegations contained in the first sentence of paragraph 7 of the complaint.  The allegations contained in the second sentence of paragraph 7 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

8.     The allegations contained in the first and second sentences of paragraph 8 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 8 of the complaint.

9.     Defendants deny the allegations contained in the first sentence of paragraph 9 of the complaint.  The allegations contained in the second sentence of paragraph 9 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. Moreover, the allegations contained in the second sentence of paragraph 9 of the complaint consist of Plaintiffs' characterization of a court decision; Defendants respectfully refer the Court to that decision for a complete and accurate description of its contents.

10.    The allegations contained paragraph 10 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

11.    The allegations contained in paragraph 11 of the complaint consist of Plaintiffs' legal opinions and conclusions regarding jurisdiction, to which no response is required.  To the

extent a response is required, Defendants deny the allegations contained in paragraph 11 of the complaint.

12.     The allegations contained in paragraph 12 of the complaint consist of Plaintiffs' legal opinions and conclusions regarding venue, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 12 of the complaint, except aver that defendants DOI and FWS are agencies of the United States, and defendant Jorjani is sued in his official capacity as a federal official, and admit that the State of New York is legally deemed to reside within this district.

13.     Defendants admit the allegations contained in the first sentence of paragraph 13 of the complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, fourth fifth, and sixth sentences of paragraph 13 of the complaint.  The third and seventh sentences of paragraph 13 of the complaint consist of Plaintiffs' characterization of two statutes, to which no response is required.  Defendants respectfully refer the Court to the statutes for complete and accurate descriptions of their contents.

14.     Defendants admit the allegations contained in the first sentence of paragraph 14 of the complaint.  The allegations contained in the second and sixth sentences of paragraph 14 of the complaint consist of Plaintiffs' characterization of a provision of the California constitution, a statute, a judicial decision, and a survey report, to which no response is required.  Defendants respectfully refer the Court to those materials for complete and accurate descriptions of their contents.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third, fourth, fifth, seventh, and eighth sentences of paragraph 14 of the complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 15 of the complaint.  The allegations contained in the second, third, fifth, and sixth sentences of paragraph 15 of the complaint consist of Plaintiffs' characterization of a provision of the Illinois constitution, a statute, and two judicial decisions, to which no response is required.  Defendants respectfully refer the Court to those materials for complete and accurate descriptions of their contents. Defendants admit the allegations contained in the first clause of the fourth sentence of paragraph 15 of the complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second clause of that sentence.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, fifth, sixth, ninth, and tenth sentences of paragraph 16 of the complaint.  The allegations contained in the third sentence of paragraph 16 of the complaint consist of Plaintiffs' characterization of a provision of the Illinois constitution and a statute, to which no response is required.  Defendants respectfully refer the Court to those materials for complete and accurate descriptions of their contents.  The allegations contained in the fourth sentence of paragraph 16 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 16 of the complaint.  The allegations contained in the seventh and eighth sentences of paragraph 16 of the complaint consist of Plaintiffs' characterization of an unspecified "federal government study," to which no response is required. Defendants respectfully refer the Court to that "study" for a complete and accurate description of its contents.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, fourth, fifth, sixth, and seventh sentences of paragraph 17 of the complaint.  The allegations contained in the second and third sentences of paragraph 17 of the complaint consist of Plaintiffs' characterization of a judicial decision and a statute, to which no response is required.  Defendants respectfully refer the Court to those materials for complete and accurate descriptions of their contents.

18.     Defendants admit that New Jersey is a sovereign state of the United States of America, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 18 of the complaint.  The allegations contained in the third sentence of paragraph 18 of the complaint consist of Plaintiffs' characterization of a statute, to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 18 of the complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, fifth, sixth, ninth, and tenth sentences of paragraph 19 of the complaint.  The allegations contained in the second, third, and fourth sentences of paragraph 19 of the complaint consist of Plaintiffs' characterization of a provision of the New Mexico constitution, a statute, and a judicial decision, to which no response is required.  Defendants respectfully refer the Court to those materials for complete and accurate descriptions of their contents.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 19 of the complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, fourth, fifth, seventh, ninth, eleventh,

twelfth, and fourteenth sentences of paragraph 20 of the complaint.  The allegations contained in the third, sixth, eighth, and tenth sentences of paragraph 20 of the complaint consist of Plaintiffs' characterization of statutes, an administrative rule, and a survey report, to which no response is required.  Defendants respectfully refer the Court to those materials for complete and accurate descriptions of their contents.  The allegations contained in the thirteenth sentence of paragraph 20 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the thirteenth sentence of paragraph 20 of the complaint.

21.     The allegations contained in paragraph 21 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint.

22.     Defendants admit the allegations contained in paragraph 22 of the complaint.

23.     Defendants admit the allegations contained in paragraph 23 of the complaint.

24.     Defendants admit the allegations contained in paragraph 24 of the complaint.

25.     Defendants deny the allegations contained in the first sentence of paragraph 25 of the complaint, except aver that the lawsuits with Southern District of New York docket numbers 18 Civ. 4596 and 18 Civ. 4601 concern issues similar to those addressed in this complaint, and all three of these suits are now consolidated under docket number 18 Civ. 4596.  The allegations contained in the second sentence of paragraph 25 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.   Defendants incorporate by

reference each and every response set forth to the allegations contained in paragraphs 19 through 64 of the NRDC complaint, and paragraphs 29 through 70 for the Audubon Society complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the complaint.

29.     The allegations contained in paragraph 29 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30.     The allegations contained in the first sentence of paragraph 30 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 30 of the complaint.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 31 of the complaint.  The allegations contained in the second sentence of paragraph 31 of the complaint consist of Plaintiffs' characterization of a judicial decision.  Defendants admit that the quoted phrases are contained within the decision, and respectfully refer the Court to the decision for a complete and accurate description of its contents.

32.     Defendants admit the allegations contained in the first sentence of paragraph 32 of the complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 32 of the complaint.

33.     The allegations contained in paragraph 33 of the complaint consist of Plaintiffs'
legal opinions and conclusions, to which no response is required.  To the extent a response is
required, Defendants deny knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph 33 of the complaint.

34.     Defendants deny knowledge or information sufficient to form a belief as to the
truth of the allegations contained in the first, second, and fourth sentences of paragraph 34 of the
complaint.  Defendants admit the allegations contained in the fifth sentence of paragraph 34 of
the complaint.  Defendants deny the allegations contained in the third and sixth sentences of
paragraph 34 of the complaint, except aver that penalties or fines received pursuant to the MBTA
are authorized to be appropriated to the DOI for purposes of allocation under the North
American Wetlands Conservation Act.

35.     The allegations contained in paragraph 35 of the complaint consist of Plaintiffs'
legal opinions and conclusions, to which no response is required.  To the extent a response is
required, Defendants deny knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph 35 of the complaint.

36.     Defendants deny knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 36 of the complaint.

37.     Defendants deny knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 37 of the complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 38 of the complaint.

39.     The allegations contained in the first sentence of paragraph 39 of the complaint
consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 39 of the complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the complaint.

41.     The allegations contained in paragraph 41 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

42.     Defendants repeat and incorporate by reference each and every response set forth herein to the allegations contained in paragraphs 1 through 41 of the complaint.

43.     The allegations contained in paragraph 43 of the complaint consist of Plaintiffs' characterization of the Administrative Procedure Act.  Defendants admit that the quoted phrases are contained within the statute, and respectfully refer the Court to the statute for a complete and accurate description of its contents.

44.     The allegations contained in the first sentence of paragraph 44 of the complaint consist of Plaintiffs' characterization of the MBTA.  Defendants admit that the quoted words are contained within the statute, and respectfully refer the Court to the statute for a complete and accurate description of its contents.  The allegations contained in the second sentence of paragraph 44 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

45.     Defendants deny the allegations contained in paragraph 45 of the complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the complaint.

47.     The remainder of the complaint consists of Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some or all of the Plaintiffs lack standing to bring this lawsuit.

### THIRD DEFENSE

The complaint fails to identify a final agency action.

### FOURTH DEFENSE

Defendant reserves the right to amend this answer to assert any other matter that

constitutes an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil

Procedure.


WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the complaint

with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the

Court deems just and proper.

Dated:  New York, New York
        September 6, 2019

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York

                                  By:   */s/ Andrew E. Krause*
                                        ANDREW E. KRAUSE
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Telephone: (212) 637-2769
                                        Facsimile: (212) 637-2786
                                        E-mail: andrew.krause@usdoj.gov